**GOVERNMENT OF the VIRGIN ISLANDS**

v.

**GEORGE, Melvin A., Appellant.**

**No. 83–3582.**

United States Court of Appeals, Third Circuit.

Argued April 27, 1984.

Decided Aug. 10, 1984.

---

Eszart A. Wynter (argued), Frederiksted, St. Croix, V.I., for appellant.

James W. Diehm, U.S. Atty., Genevieve Holm (argued), Asst. U.S. Atty., Christiansted, St. Croix, V.I., for appellee.

Before SEITZ, GARTH, and HIGGINBOTHAM, Circuit Judges.

## OPINION OF THE COURT

GARTH, Circuit Judge:

Melvin George appeals from a judgment of conviction for assault and attempted rape, and his sentence as a habitual offender entered on this judgment. We reject his challenge to the conviction. We hold, however, that he was improperly sentenced as a habitual offender, because his admission that he had committed a previous crime was not a knowing, intelligent, and voluntary waiver of his constitutional rights. We will therefore affirm George's conviction, but we will remand to the district court for resentencing.

### I.

George was charged by information on August 11, 1983 with first degree assault in violation of 14 V.I.C. § 295(3) (1964) and first degree attempted rape, *id.* § 1701. He was tried before a jury, and was convicted of both charges in the District Court of the Virgin Islands on November 3, 1983.

On November 14, 1983 the United States Attorney filed an information pursuant to the Virgin Islands habitual offender statute, 14 V.I.C. §§ 61–62[1] charging George with being a habitual offender. George appeared at a hearing pursuant to this statute on November 16, 1983. There, accompanied by his attorney, he was asked by the court whether he was the same Melvin George who had been convicted of first degree attempted rape on November 7, 1979. George said that he was. The court thereupon sentenced him to ten years' imprisonment without probation, suspension, or parole.

On appeal to this court, George raises three issues. First, he argues that there was insufficient evidence to prove one element of the rape offense, *viz.*, that the victim was not his wife. We find this argument to be without merit. Second, he argues that he was deprived of the effective assistance of counsel at trial and at the sentencing hearing. This issue is not properly before us on direct appeal from his conviction.

Finally, George contends that he was deprived of his constitutional rights at the habitual offender sentencing hearing because he was not told of the consequences of his admission of a prior crime.[2] We find this last contention to be meritorious, and we will therefore vacate George's judgment of sentence, and remand to the dis-

---

1. The full text of 14 V.I.C. §§ 61 and 62. "Habitual Criminals," appears as an appendix to this opinion.

2. George contended in his brief and at oral argument that he had not received his *Miranda* warnings. We construe his argument as a claim that his Fifth Amendment rights were violated by the manner in which the district court implemented the requirements of the Habitual Criminals statute.

trict court for resentencing under the guidelines established in this opinion.

## II.

### A.

George argues that there was insufficient evidence adduced at trial to prove that his victim was not his wife. First degree rape is defined as follows in the Virgin Islands Code:

> Whoever perpetrates an act of sexual intercourse with a female not his wife—
>
> (1) when through idiocy, imbecility or any unsoundness of mind, either temporary or permanent, she is incapable of giving consent, or, by reason of mental or physical weakness or immaturity or any bodily ailment, she does not offer resistance;
>
> (2) when her resistance is forcibly overcome;
>
> (3) when her resistance is prevented by fear of immediate and great bodily harm which she has reasonable cause to believe will be inflicted upon her;
>
> (4) when her resistance is prevented by stupor or weakness of mind produced by an intoxicating, narcotic or anaesthetic agent, or when she is known by the defendant to be in such state of stupor or weakness of mind from any cause; or
>
> (5) when she is, at the time unconscious of the nature of the act and this is known to the defendant—
>
> is guilty of rape in the first degree and shall be imprisoned not more than 20 years.

14 V.I.C. § 1701 (1964).

■ If there is substantial evidence in the record, taking the view most favorable to the Government, to support a jury verdict of guilty, the verdict must be sustained. *Glasser v. United States,* 315 U.S. 60, 80, 62 S.Ct. 457, 469, 86 L.Ed. 680 (1942). Our review of the evidence adduced at trial leads us to conclude that there was sufficient evidence to prove beyond a reasonable doubt that the victim was not George's wife.

The victim was asked at trial whether she was married. The transcript reads as follows:

Q Okay

Now a question I failed to ask you earlier: You're not married; are you?

Okay

Now, after the comment of pig man coming and they ran away, did somebody else come there?

A Yeah.

(Tr. 24). In context (and when read with a preceding colloquy reported in a similar manner), it is abundantly clear that "Okay" was the U.S. Attorney's response to the witness's silent negative response. Other evidence pointed to by the Government is that the victim was 15 years old, attended eighth grade, and lived with her grandmother. Also, the victim testified that her grandmother would be angry if she had a boyfriend. This testimony, although conceivably not inconsistent with her being married, is nevertheless telling evidence that she was not married, and certainly substantial enough to support the jury's verdict.

### B.

■ George contends that he was denied effective assistance of counsel. On direct appeal, this court does not generally consider such claims, as we regard a full record, as developed in the district court, to be essential to the determination of such issues. *E.g., United States v. Davis,* 710 F.2d 104, 110 (3d Cir.1983); *United States v. Frankenberry,* 696 F.2d 239 (3d Cir. 1982), *cert. denied,* — U.S. —, 103 S.Ct. 3544, 77 L.Ed.2d 1392 (1983). The allegations set forth by George are not of a nature to justify departing from this practice.

He alleges first that his trial counsel advised him not to testify, and that this was bad advice. Also, he alleges that his counsel's failure to object to certain evidence, to cross-examine witnesses regarding a photograph, and to raise the issue of lack of evidence of no marriage constituted ineffective assistance of counsel. He alleg-

es other failings: counsel's omissions to advise him of his right to remain silent at the sentencing hearing, and to tell him he would be subject to the habitual offender statute. While not all of George's assertions may be relevant to the issue of ineffective assistance of counsel, it is evident that the allegations addressed to that issue depend on extra-record evidence, which cannot be considered by this court at this time and on this record. *See Davis, supra,* 710 F.2d at 110. We therefore will not address this claim. Of course, by declining to pass on this issue at this stage, we do not preclude George from raising on an appropriate record the claim of his counsel's alleged ineffective assistance by collateral proceedings.

### C.

Finally, George challenges his sentence under the Virgin Islands habitual offender statute, 14 V.I.C. §§ 61–62. Under this statute, a person who has been previously convicted of a felony may upon conviction of another felony be sentenced to a prison term of ten years or more without probation or parole. The U.S. Attorney or Attorney General of the Virgin Islands must file an information stating the previous convictions to be relied on. *Id.* § 62(a). When he does so, the court is to

> inquire of the person with respect to whom the information was filed whether he affirms or denies that he has been previously convicted as alleged in the information, and shall inform him that any challenge to a previous conviction which is not made before sentence is imposed may not thereafter be raised to attack the sentence.

*Id.* § 62(b).

If the defendant denies the previous conviction or challenges its validity, he must file a "response" to the information, and the court is then required to hold a nonjury hearing "to determine any issues raised by the response which would except the person from increased punishment." *Id.* § 62(c)(1). The prosecutor has the burden of proof beyond a reasonable doubt on any

issue of fact, *id.,* except that the defendant may raise the affirmative defense of the constitutional invalidity of any conviction, and must prove it by a preponderance of the evidence. *Id.* § 62(c)(2). If the defendant files no response, or if the court determines, after a hearing, that the defendant is subject to increased punishment by reason of one or more previous convictions, the court is to impose sentence according to the substantive provisions of the Act, 14 V.I.C. § 61(a)–(e).

Briefly, those provisions provide for the minimum sentence that can be imposed on a person found to be a habitual offender. The minimum varies according to the severity of the predicate offense and the previous offense(s).

Here, the U.S. Attorney filed an information on November 14, 1983, charging that George had been previously convicted (on November 7, 1979) of attempted rape; a certified copy of the prior conviction was provided. George filed no response. At the sentencing proceeding the court asked George if he was the same Melvin George who had previously been convicted:

> THE COURT: Good morning, sir.
>
> Before we proceed to sentencing, may I inquire of Melvin George whether he is the same Melvin George who on November 7th, 1979, in the District Court of the Virgin Islands in the Division of St. Thomas and St. John was the subject of a judgment and commitment on a charge of Attempted Rape in the First Degree for which a judgment of conviction was entered and a sentence thereby tendered.
>
> Are you the same Melvin George?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: Is there any dispute at all about that?
>
> ATTORNEY NEWMAN: I have discussed it with my client, Your Honor, and he has said that he recalls that commitment.

(App. 42).

The court thereupon found George to be a habitual offender pursuant to 14 V.I.C. §§ 61 & 62. (App. 43). Accordingly,

George was sentenced to ten years in prison without probation, suspension, or parole.

■ George now contends that his sentence was illegally imposed upon him. He argues that his being compelled to testify without being advised that he could remain silent was a violation of his Fifth Amendment privilege against self-incrimination. George argues that the question is whether "the transcript" shows that he "was advised of his rights and whether his rights were effectively waived."

■ We have examined George's claim and find it to be meritorious. We read his contention as a challenge to the authority of a court to find, on the basis of his uninformed admission of a prior conviction, facts that may result in an enhancement of his sentence. We hold that before asking a defendant whether he has previously been convicted, a court conducting a hearing under the Virgin Islands Habitual Criminals statute must inquire into, and make a determination of, the defendant's understanding of the consequences of that admission.

## 1.

■ Our reasoning draws its central postulate from two cases in the Eighth and Ninth Circuits, which have held an admission of prior convictions to be, for purposes of a habitual offender statute, the "functional equivalent" of a plea of guilty to a substantive offense. *Cox v. Hutto*, 589 F.2d 394 (8th Cir.1979) (per curiam); *Wright v. Craven*, 461 F.2d 1109 (9th Cir. 1972) (per curiam), *aff'g* 325 F.Supp. 1253 (N.D.Cal.1971). That conclusion follows from several observations. To begin, even though a habitual offender statute does not create a separate substantive offense, the determination of whether a defendant is a habitual offender is independent of his conviction for the underlying and immediate offense which triggers the operation of a

habitual offender statute. *Oyler v. Boles*, 368 U.S. 448, 82 S.Ct. 501, 7 L.Ed.2d 446 (1962); *Chandler v. Fretag*, 348 U.S. 3, 75 S.Ct. 1, 99 L.Ed. 4 (1954). Thus procedural due process protections must inhere in any habitual or dangerous offender proceeding whereby a convicted defendant may be sentenced to a longer term of imprisonment pursuant to a statute that requires additional factfinding by the sentencing judge. *Specht v. Patterson*, 386 U.S. 605, 610, 87 S.Ct. 1209, 1212, 18 L.Ed.2d 326 (1967); *United States v. Davis*, 710 F.2d 104, 106 (3d Cir.), *cert. denied*, — U.S. —, 104 S.Ct. 505, 78 L.Ed.2d 695 (1983).

The Virgin Islands habitual offender statute, like the statutes construed in *Specht*, *Davis*, *Cox*, and *Wright*, requires additional factfinding by the sentencing court, *viz.*, that the defendant has previously been convicted of a crime. In such a case due process requires that the defendant

> be present with counsel, have an opportunity to be heard, be confronted with witnesses against him, have the right to cross-examine, and to offer evidence of his own. And there must be findings adequate to make meaningful any appeal that is allowed.

*Specht*, 386 U.S. at 610, 87 S.Ct. at 1212; *see also Chandler*, *supra*, 348 U.S. at 7–9, 75 S.Ct. at 3–5 (hearing on enhancement of sentence by proof of additional fact, and right to counsel at that hearing, are both separate from rights to hearing and counsel on substantive offense). These procedural protections are required even though the prosecutor's burden of proof in establishing the facts required by the statute may be lower than the burden of proof which is constitutionally required in order to convict for the substantive offense itself. *Davis*, *supra*, 710 F.2d at 106–07 (burden of proof is preponderance of evidence under 18 U.S.C. § 3575 (federal dangerous special offender statute)).[3]

---

**3.** As previously noted in text, the Virgin Islands statute requires that the prosecutor has the burden of proof beyond a reasonable doubt as to

any issue of fact when the allegations of the information are denied. 14 V.I.C. § 62(c)(1).

Where a conviction is alleged to have been obtained in violation of the Constitution the

Where a defendant admits those facts which must be found to exist in order for the court to impose an enhanced sentence, the defendant in effect relinquishes the several rights to which *Specht* declared him entitled. The prosecutor has no further factual burden. Thus, as *Cox* noted, "As with a plea of guilty, 'nothing remains but to give judgment and determine the punishment.'" 589 F.2d at 396 (quoting *Boykin v. Alabama*, 395 U.S. 238, 242, 89 S.Ct. 1709, 1711, 23 L.Ed.2d 274 (1969)).

■ A plea of guilty is a waiver of rights to the procedural protections that are found in due process: the privilege against compulsory self-incrimination, the right to trial by jury, and the right to confront one's accusers. *Boykin*, 395 U.S. at 243, 89 S.Ct. at 1712. A waiver of these rights in the context of a guilty plea cannot be presumed from a silent record; there must be a showing that the defendant voluntarily and understandingly entered his plea. *Id.* at 242–244, 89 S.Ct. at 1711–1713.

The rights that the *Boykin* Court identified as being waived by a plea of guilty do not find their exact analogs in the rights that *Specht* articulated as inhering in an enhanced sentencing proceeding, but we do not regard that difference as material. The principle underlying *Boykin* is that when a defendant waives constitutional rights by admitting facts that the government would otherwise have to prove, in order to sustain the validity of his waiver, such admissions must be made voluntarily, with an understanding of their consequences. That principle is equally as applicable when a defendant admits prior convictions for the purpose of being sentenced as a habitual offender as it is when a defendant pleads guilty to a substantive offense.

The principle that a plea of guilty must be made with an understanding of the consequences (acknowledging the rights waived, as well as being informed of the punishment to be imposed) underlies the

requirements of Fed.R.Crim.P. 11(c) & (d). Those Rules require that before accepting a plea of guilty or nolo contendere, a court must, first, inform the defendant of, and determine that he understands, the rights that he will waive by voluntarily pleading guilty rather than being tried, *id.* 11(c), second, the court must determine that the plea is voluntary, *id.* 11(d).

In *United States v. Carter*, 619 F.2d 293, 296 (3d Cir.1980), this court noted that the defendant's concerns addressed in Rule 11 are of constitutional dimension under *Boykin*. Thus, because prejudice inheres in a failure to comply with the Rule, *McCarthy v. United States*, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969), we held in *Carter* that Rule 11 imposes a mandatory obligation upon the district court to address the defendant personally and to determine that he understands the nature and consequences of his plea. *Carter*, 619 F.2d at 294–95. In so holding, we directed the district court, under our supervisory power, to follow the Rule and summary found in the Bench Book for District Court Judges, § 1.06, although we stopped short of "specify[ing] or impos[ing] a rule which would result in the setting aside of a defendant's guilty plea in each instance where a district court in this circuit fails to adhere strictly to each term and requirement of Rule 11." 619 F.2d at 299.

■ We consider it similarly appropriate to require, under our supervisory power over the District Court of the Virgin Islands, that before a defendant who is charged under the Habitual Criminals statute is asked to admit to previous convictions, the court must personally address the defendant and determine that he understands the consequences of such an admission and must also determine, before accepting such an admission, that such admission is voluntary. This requirement, and the guidelines hereinafter set forth implementing that requirement, shall apply to:

(1) the present appeal of Melvin George;

---

defendant has the burden of proving by a preponderance of the evidence any such issue of

fact which he has raised. 14 V.I.C. § 62(c)(2).

(2) all defendants. yet to be sentenced and who are subject to the Habitual Criminals statute;

(3) all defendants who have been sentenced under the Habitual Criminals statute and who take a direct appeal; and

(4) all defendants who have been sentenced under the Habitual Criminals statute and whose direct appeals are pending as of the date this opinion is filed.

2.

■■■ Rule 11, together with *Specht, supra,* provides a useful guide for the formulation of an appropriate inquiry of the defendant in a habitual offender proceeding. Before accepting an admission that the defendant has previously been convicted, the court, in addition to the requirements of the Habitual Criminals statute,[4] must also address the defendant personally in open court and inform him of, and determine that he understands, the following:

1. The nature of the habitual offender charge including the minimum, and the maximum, penalties provided by the habitual offender statute (*see* Rule 11(c)(1));

2. That he has the right to be represented by an attorney at any stage in the proceeding, and if necessary, one will be appointed to represent him (*see* Rule 11(c)(2));

3. That he has the right to a hearing to contest any facts alleged in the information, at which hearing he has the right to the assistance of counsel, the right to confront and cross-examine witnesses against him, and the right not to be compelled to incriminate himself (*see* Rule 11(c)(3));

4. That if he admits that he was previously convicted as alleged in the information, and does not contest the validity of those convictions, that there will be no further proceedings, so that by admitting to previous convictions he waives the rights to a hearing (*see* Rule 11(c)(4); *cf.* 14 V.I.C. § 62(b));

5. That if the conviction(s) for which he is being sentenced as a habitual criminal followed a plea of guilty to the immediate substantive offense, he may withdraw that plea if at the time it was entered he did not know that his previous conviction(s) would subject him to increased punishment.[5]

■■■ Finally, the court may not accept an admission of a prior conviction alleged in the information without first, by addressing the defendant personally in open court, determining that the admission made by the defendant is voluntary and not the result of force or threats or promises (*see* Rule 11(d)).

3.

In the present case, George was not informed of the nature and consequence of his admission, nor was any determination made that the admission was voluntary. While we recognize that the comprehensive guidelines which we now establish could not have been known to the district court at the time George was sentenced, the failure of the district court at the very least to acquaint George with the essential nature of the habitual criminal proceeding and the penalties to which he stood exposed, requires that we vacate George's sentence and remand for resentencing.

III.

We will affirm George's judgment of conviction, but we will also vacate George's sentence and remand for resentencing in a manner consistent with the foregoing opinion.

**APPENDIX**

14 V.I.C. §§ 61–62 read as follows:

---

**4.** The statute, among other provisions, requires that the court inform the defendant that "... any challenge to a previous conviction which is not made before sentence is imposed may not

thereafter be raised to attack the sentence." 14 V.I.C. § 62(b).

**5.** *See* 14 V.I.C. § 62(e).

## SUBCHAPTER IV. HABITUAL CRIMINALS

### § 61. Penalties

(a) Whoever, whether under the laws of the Virgin Islands, the United States or a state or territory thereof, or any other jurisdiction, has been convicted of an offense which would be a felony in the Virgin Islands, shall upon a subsequent conviction of a felony in the Virgin Islands be incarcerated for a term of imprisonment of not less than ten years and may be incarcerated for the remainder of his natural life. If the last conviction is for a crime of violence, as defined in Title 23, section 451 of the Code, imposition or execution of this minimum period of incarceration shall not be suspended, nor shall probation be granted; neither shall parole or any other form of release be granted for this minimum period of incarceration.

(b) Whoever, whether under the laws of the Virgin Islands, the United States or a state or territory thereof, or any other jurisdiction has been convicted of an offense which would be a felony in the Virgin Islands and a crime of violence as defined in Title 23, section 451(e) of the Code shall upon a subsequent conviction of a felony in the Virgin Islands, which is also a crime of violence as defined in the aforementioned provision, be incarcerated for a term of imprisonment of not less than ten years as provided in subsection (a) of this section, or not less than one-half the maximum sentence provided by law, whichever is greater, and may be incarcerated for the remainder of his natural life. Imposition or execution of this minimum period of incarceration shall not be suspended, nor shall probation be granted; neither shall parole or any other form of release be granted for this minimum period of incarceration.

(c) Whoever, whether under the laws of the Virgin Islands, the United States or a state or territory thereof, or any other jurisdiction, has been convicted of an offense which would be a misdemeanor in the Virgin Islands punishable by 6 months or more imprisonment, and involving violence or the threat thereof to the person of an-

other, shall upon a subsequent conviction of a felony in the Virgin Islands, which is a crime of violence as defined in Title 23, section 451(e) of the Code, be incarcerated for a term of imprisonment of not less than one-third the maximum sentence provided by law. Imposition or execution of this minimum period of incarceration shall not be suspended, nor shall probation be granted; neither shall parole or any other form of release be granted for this minimum period of incarceration.

(d) Whoever, whether under the laws of the Virgin Islands, the United States or a state or territory thereof, or any other jurisdiction, has been convicted of an offense which would be a felony in the Virgin Islands and a crime of violence, as defined under Title 23, section 451(e) of the Code, or a misdemeanor in the Virgin Islands punishable by 6 months or more imprisonment, and involving violence or the threat thereof to the person of another, shall upon a subsequent conviction of misdemeanor in the Virgin Islands punishable by 6 months or more imprisonment, and involving violence or the threat thereof to the person of another, be incarcerated for a term of imprisonment of not less than three months. Imposition or execution of this minimum period of incarceration shall not be suspended, nor shall probation be granted; neither shall parole or any other form of release be granted for this minimum period of incarceration.

(e) No conviction with respect to which a person has been pardoned on the ground of innocence shall be taken into account in applying this section.

### § 62. Proceedings to establish previous convictions

(a) No person who stands convicted of an offense under the laws of the Virgin Islands shall be sentenced to increased punishment by reason of one or more previous convictions, unless prior to sentencing, the United States Attorney or the Attorney General of the Virgin Islands, as the case may be, files an information with the Clerk of the Court and serves a copy of such information on the person or counsel for

the person, stating in writing the previous convictions to be relied upon. Upon a showing by the Government that facts regarding previous convictions could not with due diligence be obtained prior to sentencing, the court may postpone the sentencing for a reasonable period for the purpose of obtaining such facts. Clerical mistakes in the information may be amended at any time prior to the pronouncement of sentence.

(b) If the prosecutor files an information under this section, the court shall, after conviction but before pronouncement of sentence, inquire of the person with respect to whom the information was filed whether he affirms or denies that he has been previously convicted as alleged in the information, and shall inform him that any challenge to a previous conviction which is not made before sentence is imposed may not thereafter be raised to attack the sentence.

(c)(1) If the person denies any allegation of the information of previous conviction, or claims that any conviction alleged is invalid, he shall file a written response to the information. A copy of the response shall be served upon the prosecutor. The court shall hold a hearing to determine any issues raised by the response which would except the person from increased punishment. The failure of the Government to include in the information the complete criminal record of the person or any facts in addition to the convictions to be relied upon shall not constitute grounds for invalidating the notice given in the information required by subsection (a). The hearing shall be before the court without a jury and either party may introduce evidence. Except as otherwise provided in paragraph (2) of this subsection, the prosecuting authority shall have the burden of proof beyond a reasonable doubt on any issue of fact. At the request of either party, the court shall enter findings of fact and conclusions of law.

(2) A person claiming that a conviction alleged in the information was obtained in violation of the Constitution of the United States shall set forth his claim, and the factual basis therefor, with particularity in his response to the information. The person shall have the burden of proof by a preponderance of the evidence on any issue of fact raised by the response. Any challenge to a previous conviction, not raised by response to the information before an increased sentence is imposed in reliance thereon shall be waived unless good cause be shown for failure to make a timely challenge.

(d)(1) If the person files no response to the information, or if the court determines, after hearing, that the person is subject to increased punishment by reason of previous convictions, the court shall proceed to impose sentence upon him as provided by law.

(2) If the court determines that the person has not been convicted as alleged in the information, that a conviction alleged in the information is invalid, or that the person is otherwise not subject to an increased sentence as a matter of law, the court shall, at the request of the prosecutor, postpone sentence to allow an appeal from the determination. If no such request is made, the court shall impose sentence as provided by law. The person may appeal from an order postponing sentence as if sentence had been pronounced and a final judgment of conviction entered.

(e) Whenever an information has been filed under this section with respect to a person who stands convicted following a plea of guilty, the court shall allow the person to withdraw the plea upon a showing that, at the time the plea was entered, the person did not know that his previous convictions would subject him to increased punishment.