**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**John FISHER, Defendant-Appellant.**

**No. 84–1755.**

United States Court of Appeals,
Seventh Circuit.

Argued Feb. 28, 1985.

Decided Sept. 11, 1985.

Lawrence E. Rosenthal, Asst. U.S. Atty., Dan K. Webb, U.S. Atty., Chicago, Ill., for plaintiff-appellee.

Jeanne L. Schick, Chicago, Ill., for defendant-appellant.

Before CUMMINGS, Chief Judge, and CUDAHY and POSNER, Circuit Judges.

PER CURIAM.

On December 2, 1983, a grand jury named defendant John Fisher in two counts of a multi-count indictment. Count one charged Fisher with conspiracy to knowingly and intentionally distribute cocaine, and conspiracy to knowingly and intentionally possess cocaine with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and 846. Another count charged him with willful possession of a firearm during the commission of a felony, in violation of 18 U.S.C. § 924(c)(2). Fisher pled not guilty to the charges when arraigned. He then moved to suppress certain evidence. Following a hearing, the district court denied the motion. The next day Fisher entered a plea agreement with the government. The agreement provided that, subject to court approval, Fisher would plead guilty to count one in exchange for a five-year sentence and a government promise to move to dismiss the remaining charge. Pursuant to FED.R.CRIM.P. 11, the court held a hearing to consider Fisher's proposed guilty plea. During the hearing it advised him of the rights he waived by so pleading. In particular, it explained that "not only will there be no trial in this case of any kind, but you also waive the right to appeal from or complain of any prior adverse rulings or actions in this case...." This admonition comports with various cases holding that a plea of guilty constitutes a waiver of non-jurisdictional defects occurring prior to the plea. *See, e.g., Brady v. United States,* 397 U.S. 742, 748, 90 S.Ct. 1463, 1468, 25 L.Ed.2d 747 (1970). Before accepting the plea, the court found that Fisher understood the nature of the charges against him and the consequences of his plea, that Fisher voluntarily entered the plea, and that the plea was supported by the facts. The court later sentenced Fisher to five years imprisonment. This appeal followed.

Fisher seeks to withdraw his guilty plea because, he claims, neither his counsel, the government, nor the court advised him of the possibility of entering a conditional plea under FED.R.CRIM.P. 11(a)(2). That rule provides:

With the approval of the court and the consent of the government, a defendant may enter a conditional plea of guilty ..., reserving in writing the right, on appeal from judgment, to review of the adverse determination of any specified pretrial motion. If the defendant pre-

vails on appeal, he shall be allowed to withdraw his plea.

The conditional plea was designed to avoid the waste of prosecutorial and judicial resources that often followed the denial of pretrial motions. Since interlocutory appeals from most pretrial motions were rarely permitted, and a plea of guilty usually foreclosed later appeal from the denial of such motions, *Brady,* 397 U.S. at 748, 90 S.Ct. at 1468, many defendants went through an entire trial merely to preserve pretrial issues for later appellate review. The device of the conditional plea eliminates much of the incentive for such wasteful formality by permitting a defendant to plead guilty, yet preserves the right to challenge stipulated pretrial rulings. Notes of Advisory Committee on Rules of Criminal Procedure with respect to 1983 Amendment adding Rule 11(a)(2).

■ Fisher first argues that he was denied his Sixth Amendment right to effective assistance because his lawyer failed to inform him about conditional pleading. Before addressing the merits of this argument, we consider the unusual posture of this appeal. Following sentencing, "a plea may be set aside only on direct appeal or by motion under 28 U.S.C. § 2255." FED.R. CRIM.P. 32(d). Criminal defendants retain the right to appeal directly from judgments regardless of whether those judgments follow a trial or a guilty plea. *See* Borman, *The Hidden Right to Direct Appeal From a Federal Conviction,* 64 CORNELL L.REV. 319, 324–26 (1979) and cases cited therein. Nevertheless, appellate courts generally do not consider claims of ineffective assistance of counsel on direct appeal from guilty pleas. *Government of the Virgin Islands v. George,* 741 F.2d 643, 646 (3d Cir.1984); *United States v. Costa,* 691 F.2d 1358, 1363 (11th Cir.1982); *United States v. Boffa,* 688 F.2d 919, 938 (3d Cir.1982); *United States v. Hendricks,* 661 F.2d 38, 43 (5th Cir.1981). This is because often "there has been no opportunity to develop

and include in the record evidence bearing on the merits of the allegations."[1] *United States v. Stephens,* 609 F.2d 230, 234 (5th Cir.1980). *See also George,* 741 F.2d at 646. Fisher here maintains that trial counsel never informed him of the pleading alternative, but the record before us does not disclose his counsel's version of events, including an explanation for his actions. Because Fisher's allegations depend on evidence outside of the record, we normally would decline to reach the merits of his claim and remand to the trial court, which is better equipped for such an inquiry. *See United States v. Brown,* 715 F.2d 387, 388 (8th Cir.1983). *Cf. United States v. Gaertner,* 583 F.2d 308, 311–12 (7th Cir.1978), *certiorari denied,* 440 U.S. 918, 99 S.Ct. 1238, 59 L.Ed.2d 469 (1979). *But cf. George,* 741 F.2d at 647 ("[B]y declining to pass on this issue at this stage, we do not preclude George from raising on an appropriate record the claim of his counsel's alleged ineffective assistance by collateral proceedings."). However, even when a claim of ineffective assistance is considered on direct appeal, the defendant must establish that he or she suffered some prejudice. *Costa,* 691 F.2d at 1363; *United States v. Altamirano,* 633 F.2d 147, 152–53 (9th Cir. 1980). Fisher cannot demonstrate that his ignorance of the possibility of conditional pleading caused him any prejudice. It did not prevent him from pleading innocent and proceeding to trial. Neither did it prevent him from appealing the denial of his motion to suppress. Fisher could have followed the exclusive route available to appeal such motions prior to the 1983 amendment permitting conditional pleas—he could have let his case be tried and, if he lost on the merits, appealed. In any event, Fisher expressly acknowledged during his guilty-plea hearing that he waived "the right to appeal from or complain of any prior adverse rulings or actions in this case." Last, Fisher could not have plea-bargained a better deal for himself using the threat of a conditional plea as a bar-

---

**1.** Appellate courts will consider the issue where a sufficiently developed record exists. *Costa,* 691 F.2d at 1363.

gaining chip because such a threat would have lacked any potential sting. Fisher needed the government's and the court's consent to enter a conditional plea. The government could refuse to allow such a plea for any reason or for no reason at all. Even if we do not accept the government's self-serving statement that it would have refused to agree to any suggested conditional plea, it clearly would not have conceded Fisher the right to appeal the denial of his motion to suppress without extracting a price. At the very least, the government would not have accepted a "deal" that it perceived made it worse-off (and conversely, Fisher better-off) than the one actually struck. In other words, the government might have agreed to a conditional plea, but only in exchange for a more onerous sentence. In all likelihood, Fisher received a better deal—and not a worse one—because of the non-conditional nature of his plea. He has shown no prejudice.

The second contention raised by Fisher—that we should permit him to withdraw his plea because the government never told him about conditional pleading—suffers from the same defect as the first, namely, an unrevealing record. But even if the government did not, in fact, discuss the matter with Fisher he would not, as a matter of law, be entitled to the relief he requests. The Federal Rules, by their terms, create no enforceable "right" to enter a conditional plea. As previously mentioned, Rule 11(a)(2) explicitly grants both the court and government veto power over entry of such a plea, and its legislative history indicates that it was adopted primarily for the benefit of courts and prosecutors, not defendants. See Notes of Advisory Committee on Rules of Criminal Procedure with respect to 1983 Amendment adding Rule 11(a)(2). By definition, the rule's permissive nature means that defendants have no "right" to exercise its special form of pleading. *Cf. United States v. Fels*, 599 F.2d 142, 148 n. 4 (7th Cir.1979) (Rule 11(b), which allows a de-

fendant to plead *nolo contendere,* but only with consent of court, also does not create a "right" to enter a *nolo contendere* plea). Neither does the Constitution grant such a right. The Constitution generally imposes no obligation on the government to advise accuseds of their rights. *See, e.g., Schneckloth v. Bustamonte,* 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973) (government under no obligation to advise person of Fourth Amendment rights before seeking consent to search and seize evidence). Fisher cites *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966) for the general proposition that sometimes procedural obligations are imposed on the government to protect constitutional rights. But he reads the case too broadly. Although the government may not use statements elicited from defendants during custodial interrogations absent proof of procedural safeguards that effectively secure the defendant's Fifth Amendment privilege against self-incrimination, *Miranda,* 384 U.S. at 478–79, 86 S.Ct. at 1629–30, such an extraordinary protective device "does not apply outside the context of the inherently coercive custodial interrogations for which it was designed." *Roberts v. United States,* 445 U.S. 552, 560, 100 S.Ct. 1358, 1364, 63 L.Ed.2d 622 (1980). *See also Minnesota v. Murphy,* 465 U.S. 420, 104 S.Ct. 1136, 1143–44, 79 L.Ed.2d 409 (1984).

To the extent Fisher asks us to create a new constitutional rule requiring disclosure of the contents of Rule 11(a)(2) by the government, we decline. Fisher, represented by counsel throughout the proceedings below, encountered none of the "inherently compelling pressures," *Miranda,* 384 U.S. at 467, 86 S.Ct. at 1624, that prompted the Supreme Court to require the *Miranda* warnings, nor is any other justification offered. More important, *Miranda* warnings protect against infringement of a detainee's Fifth Amendment rights. There is no parallel constitutional "right" to enter a conditional plea which was not even explicitly authorized until 1983.

Last, Fisher contends that the trial court had a duty to inform him about conditional pleading.[2] We have previously held, in a case decided before the 1983 amendment added this plea, that the trial court has no obligation to inform defendants of the plea-alternatives listed in Rule 11(a) (then limited to "not guilty, guilty or *nolo contendere*"). *Fels*, 599 F.2d at 148 n. 4. No reason has been given for departure from this precedent merely because the range of alternatives has been expanded to include the conditional plea. Fisher concedes that the language of the rule imposes no obligation on the court (Br. 16). Moreover, subsection (c) of Rule 11, which lists the advice a court must provide a defendant before accepting a guilty or *nolo contendere* plea, fails to mention any need to inform defendants about conditional pleading. We are not empowered to amend Rule 11 by adding such a requirement.

Fisher, however, argues that the trial court's failure to inform him of the possibility of filing a conditional plea deprives his guilty plea of its voluntary character "because fundamental rights [to appeal pretrial motions] were waived on a basis of less than full disclosure of his constitutional rights." (Br. 16–17). But there is no constitutional right to appeal pretrial rulings after pleading guilty. And to the extent Fisher's guilty plea did waive constitutional rights, the trial court so admonished him.

In sum, neither the courts nor the government have any duty, either statutory or constitutional, to inform defendants about conditional pleading. To the extent counsel failed to inform Fisher about conditional pleading, we find no prejudice to Fisher and therefore no colorable claim of ineffective assistance.

The judgment of the district court is AFFIRMED.

2. Unlike the two previous claims, we have a record, consisting of transcripts of Fisher's guilty plea and sentencing hearings, with which to review this argument.