**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-3183
_____

UNITED STATES OF AMERICA

v.

TAIWO DAISI,
                    Appellant
_____

On Appeal from the United States District Court
for the District of New Jersey
D.C. Criminal No. 3-11-cr-00144-001
(Honorable Freda L. Wolfson)
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 10, 2013

Before:  SCIRICA, AMBRO and FUENTES, *Circuit Judges*.

(Filed: January 17, 2013)
_____

OPINION OF THE COURT
_____


FUENTES, *Circuit Judge*:

    Taiwo Daisi pled guilty to one count of conspiracy to defraud the United States

and was sentenced to 37 months in prison.  Daisi's counsel has filed a brief pursuant to

*Anders v. California*, 386 U.S. 738 (1967), and Daisi has filed his own *pro se* brief.  We

will grant counsel's motion to withdraw as Daisi's attorney and affirm the District Court's judgment of conviction and sentence.

## I.

We recount only the facts necessary to our disposition. On March 10, 2011, Daisi pled guilty to one count of conspiracy to defraud the United States in violation of 18 U.S.C. § 286. The charge arose from a scheme whereby Daisi, along with three co-conspirators, filed fraudulent federal income tax returns seeking tax refunds belonging to individuals whose identities the conspirators had stolen. Daisi's unconditional guilty plea was entered pursuant to a plea agreement with the United States whereby Daisi waived his appellate rights if the sentence imposed by the District Court fell within a Guideline offense level of 21 or below. The District Court for the District of New Jersey sentenced Daisi to 37 months in prison, the bottom of the guideline range corresponding to a 21 offense level and a criminal history category of one.

Daisi appeals and has filed a *pro se* brief, and his counsel has moved to withdraw from representation under *Anders.*

## II.[1]

Under *Anders*, a criminal appellant's counsel's motion to withdraw from representation will be granted, and the appeal will be dismissed, if counsel satisfies the court that he or she has "thoroughly scoured the record and the law" in search of appealable issues and "explain[s] why the issues are frivolous." *United States v. Marvin*,

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291.

211 F.3d 778, 780, 781 (3d Cir. 2000); *see also* Third Circuit Local Appellate Rule 109.2 ("Rule 109.2"). We must also independently review the record and determine whether it presents any non-frivolous issues. *United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001). If an *Anders* brief is inadequate in that it does not mention arguments raised in a defendant's *pro se* brief or otherwise does not satisfy the court that counsel has thoroughly searched the record and the law, we may nevertheless dispose of the appeal if it is "patently frivolous." *United States v. Coleman*, 575 F.3d 316, 321 (3d Cir. 2009).

Daisi's counsel attempts to meet the requirements imposed by Rule 109.2 by stating that he has carefully examined the record and relevant case law and that he has concluded that this appeal presents only frivolous issues. After carefully reviewing the record (which was supplemented as needed by the United States), we conclude that this appeal is patently frivolous.

First, the colloquy conducted by the District Court in accepting Daisi's plea of guilty was thorough and more than sufficient for the Court to conclude that the plea was knowing and voluntary. *See* Fed. R. Crim. Proc. 11(b); *see also United States v. Lessner*, 498 F.3d 185, 192-94 (3d Cir. 2007) (setting out relevant steps required in a Rule 11 guilty plea hearing). Any argument that Daisi should be permitted to withdraw his guilty plea on that basis would be patently frivolous.

Second, Daisi's own arguments as to why he should be entitled to withdraw the guilty plea are clearly frivolous. Daisi appears to assert that he should be permitted to withdraw his plea because he was not granted "any discovery," *Pro-Se* Br. at 2, before entering the guilty plea and because he was not given a § 5K1.1 letter by the United

3

States. But neither of these arguments provides a valid reason for withdrawing the guilty plea. Daisi's knowing and voluntary plea constituted a waiver of any right he may have had to receive documents, *see generally Gov't of Virgin Islands v. George*, 741 F.2d 643, 649 (3d Cir. 1984), and it is clear that the United States did not promise Daisi a § 5K1.1 letter. *See* A37-38. Moreover, Daisi has not asserted his actual innocence. Accordingly, Daisi's arguments that he should be entitled to withdraw his guilty plea are wholly without merit. *See United States v. Wilson*, 429 F.3d 455, 458 (3d Cir. 2005).[2]

Third, we conclude that any argument based on the District Court's imposition of sentence in this case would be patently frivolous. The record more than amply demonstrates that the District Court's sentence was procedurally and substantively reasonable. *See United States v. Gunter*, 462 F.3d 237, 247 (3d Cir. 2006). The record shows that the District Court properly understood both its own discretion in sentencing, as well as the proper procedures outlined in *Gunter*. Moreover, far from "never consider[ing] any of the letters" in support of Daisi, provided in advance of sentencing, *Pro-Se* Br. at 5, the District Court considered such letters and carefully and conscientiously considered all other relevant 18 U.S.C. § 3553(a) factors. *See* A54-58. We discern nothing from the sentencing transcript that could constitute the basis for an appeal that would be anything but patently frivolous.

---

[2] Insofar as Daisi implies that he received ineffective assistance of counsel, that argument is patently frivolous because it does not fall into any of the narrow exceptions that allows us to consider such claims on direct appeal. *See Gov't of Virgin Islands v. Lewis*, 620 F.3d 359, 371 (3d Cir. 2010).

4

Finally, Daisi suggests that he is entitled to relief because the conviction of one of his co-conspirators has been vacated by this Court. *See Pro-Se* Br. at 6. Daisi points to no records that any of Daisi's co-conspirators' cases have been heard by this Court, let alone that any have been granted relief, nor do we know of any such records. Nor would there be any merit to an argument that any difference between Daisi's sentence and that of his co-conspirators merits vacating the sentence imposed here. Only one of Daisi's three co-conspirators received a lower sentence than Daisi, a total of approximately 27 months in prison, Gov't Br. at 10, and it is clear from the record that the District Court adequately considered any disparities between Daisi and his co-defendants. A54, A57. Thus, Daisi cannot establish that no reasonable sentencing court would impose the sentence he received, *see United States v. Tomko*, 562 F.3d 558, 568 (3d Cir. 2009) (en banc), and any argument to the contrary would be patently frivolous.

### III.

We have reviewed the record of the proceedings in this case and conclude that any issue that could be raised on appeal also would be patently frivolous, and that all issues presented by Daisi's *pro-se* and *Anders* briefs lack legal merit. We grant Daisi's counsel's motion to withdraw under *Anders*, and will affirm the District Court's judgment of conviction and sentence.