**ORIEL DESTIN, Appellant/Defendant**

**v.**

**PEOPLE OF THE VIRGIN ISLANDS, Appellee/Plaintiff**

S. Ct. Criminal No. 2015-0030

Supreme Court of the Virgin Islands

March 21, 2016

KELE C. ONYEJEKWE, ESQ., Appellate Public Defender, St. Thomas, USVI, *Attorney for Appellant.*

KIMBERLY L. SALISBURY, ESQ., Assistant Attorney General, St. Thomas, USVI, *Attorney for Appellee.*

HODGE, *Chief Justice*; CABRET, *Associate Justice*; and SWAN, *Associate Justice.*

## OPINION OF THE COURT

(March 21, 2016)

HODGE, *Chief Justice.* Appellant Oriel Destin appeals from the Superior Court's May 14, 2015 judgment and commitment, which adjudicated him guilty of several criminal offenses. For the reasons that follow, we affirm.

## I. BACKGROUND

The People of the Virgin Islands charged Destin, by information, with second-degree robbery, first-degree assault, grand larceny, and using a dangerous weapon during a crime of violence. A jury trial began on February 9, 2015, and the jury ultimately found him guilty on all counts.

On February 26, 2015, the People filed a habitual criminal information against Destin pursuant to sections 61 and 62 of title 14 of the Virgin Islands Code, which authorizes enhanced sentences for those with prior felony convictions. The habitual criminal information was accompanied with a certified judgment and commitment entered in Super. Ct. Crim. No. 508/2009 (STT), indicating that Destin had been previously convicted of third-degree assault approximately four-and-a-half years earlier. On that basis, the People requested that the Superior Court impose a minimum sentence of ten years of incarceration without any possibility of early release.

Destin did not file a response to the People's habitual criminal information. Instead, he filed a motion for judgment of acquittal on March 6, 2015, and an amended motion for judgment of acquittal on March 19, 2015. In those motions, Destin argued that (1) he should be acquitted on the grand larceny charge because the verdict form provided to the jury did not present an option allowing the jury to make a finding as to the value of the stolen property; (2) that the jury's verdict had not been unanimous; and (3) that his prosecution was unlawful because the People charged him pursuant to information rather than grand jury indictment.

The Superior Court held its sentencing hearing on April 17, 2015. At the start of the hearing, the Superior Court concluded that Destin's motion had been filed untimely, but nevertheless considered the arguments on the merits.[1] In its oral ruling, the Superior Court entered a judgment of acquittal on the grand larceny charge,[2] but rejected Destin's other two arguments. Specifically, the Superior Court observed that this Court, in its decision in *Codrington v. People*, 57 V.I. 176 (V.I. 2012), had "squarely dealt with this issue" and held that "there is no requirement that a defendant in a criminal case in the Superior Court be prosecuted by Indictment; an Information is sufficient." (J.A. 492-93.)

The Superior Court then proceeded to sentencing. After hearing from both the prosecution and the defense, the Superior Court noted that

---

[1] Although the Superior Court failed to provide an explanation for considering the defendant's untimely motion, the record reflects that the People did not move to strike Destin's motion as being untimely, and therefore it waived any objection to its timeliness. *See Joseph v. People*, 60 V.I. 338, 347 n.7 (V.I. 2013) (citing *Fuller v. Browne*, 59 V.I. 948, 953 n.3 (V.I. 2013)).

[2] As this Court has previously explained, " 'the remedy for trial error is a new trial while a judgment of acquittal is the appropriate remedy when the evidence is not sufficient to sustain a conviction.' " *Farrell v. People*, 54 V.I. 600, 619 (2011) (quoting *Gilbert v. People*, 52 V.I. 350, 364 (V.I. 2009)). When granting Destin's motion, the Superior Court stated that "the record reflects that the value of the property involved was in excess of $100" since "[t]he testimony was very clear that the victim . . . had approximately $900 in his wallet." (J.A. 491.) Thus, the proper remedy for the failure of the verdict form to permit the jury to make a finding as to the value of the stolen property would appear to be a new trial, rather than an acquittal on the substantive offense. *See Farrell*, 54 V.I. at 619. However, because the People did not file a notice of cross-appeal with this Court, we decline to set aside the acquittal on the grand larceny charge and order a new trial. *See, e.g., Percival v. People*, 62 V.I. 477, 487 (V.I. 2015) (appellate court will neither grant a litigant relief not sought at trial, nor greater relief than what was sought at trial, in the absence of a cross-appeal); *People v. Ward*, 55 V.I. 829, 841 (V.I. 2011) (same).

the People had filed a habitual criminal information, to which Destin did not respond. Destin's counsel stated that Destin had seen the document, and that there was no challenge to the habitual offender information or the attached prior conviction. Ultimately, the Superior Court sentenced Destin to ten years' incarceration for second-degree robbery and fifteen years' incarceration for using a firearm during a crime of violence. The Superior Court announced that it would stay execution of a sentence for first-degree assault pursuant to title 14, section 104 of the Virgin Islands Code, and also stated that it was sentencing Destin as a habitual offender under section 61(a) of title 14, so that he may not obtain early release or accrue good behavior credits until he has been incarcerated for a minimum of ten years. The Superior Court memorialized its oral sentence into a written judgment and commitment on May 13, 2015, which was entered the following day. Destin timely filed his notice of appeal with this Court on March 20, 2015.[3] *See* V.I.S.CT.R. 5(b)(1).

## II. DISCUSSION

### A. Jurisdiction and Standard of Review

This Court has appellate jurisdiction over "all appeals from the decisions of the courts of the Virgin Islands established by local law." 48 U.S.C. § 1613a(d); *see also* 4 V.I.C. § 32(a) (granting this Court jurisdiction over "all appeals arising from final judgments, final decrees or final orders of the Superior Court"). Because the Superior Court's May 14, 2015 judgment is a final order, this Court possesses jurisdiction over this appeal. *Williams v. People*, 55 V.I. 721, 727 (V.I. 2011).

This Court reviews constitutional claims *de novo. Hughley v. Gov't of the V.I.*, 61 V.I. 323, 329 (V.I. 2014) (citing *United States v. Gordon*, 290 F.3d 539, 546 (3d Cir. 2002)). Moreover, this Court ordinarily reviews a sentence only for abuse of discretion unless the Superior Court based its decision on a legal precept, in which case this Court exercises plenary review. *Williams v. People*, 59 V.I. 1024, 1031 (V.I. 2013). However, if an issue has not been fairly presented to the Superior Court,

---

[3] "A notice of appeal filed after the announcement of an order or judgment, but before the entry of a writing memorializing the same, is treated as filed on the date of and after such entry . . . and is considered timely filed." *Powell v. People*, 59 V.I. 444, 451 n.4 (V.I. 2013) (quoting *Potter v. People*, 56 V.I. 779, 787 n.10 (V.I. 2012)); *see also* V.I.S.CT.R. 5(b)(1).

this Court reviews solely for plain error, provided that the challenge has been forfeited rather than waived. *Galloway v. People*, 57 V.I. 693, 699 (V.I. 2012) (citing V.I.S.Ct.R. 4(h)); *Francis v. People*, 52 V.I. 381, 390 (V.I. 2009)).

## B. Grand Jury Indictment

 Destin, as his primary issue on appeal, argues that his prosecution was unlawful because the People should have initiated it by grand jury indictment rather than information. Destin recognizes that this Court rejected identical arguments in *Codrington*, as well as in *Simmonds v. People*, 59 V.I. 480 (V.I. 2013). In *Codrington*, this Court explained that:

> The Fifth Amendment prohibition that "[n]o person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury" does not apply to the unincorporated Territory of the Virgin Islands. *Bigby v. Gov't of the V.I.*, 125 F. Supp. 2d 709, 715-716 (D.V.I. App. Div. 2000); *see also Gov't of the V.I. v. Dowling*, 633 F.2d 660, 667, 17 V.I. 623 (3d Cir. 1980); *United States v. Ntreh*, 279 F.3d 255, 256 (3d Cir. 2002) ("[R]esidents of the Virgin Islands have no constitutional right to indictment by a grand jury."); *Rivera v. Gov't of the V.I.*, 375 F.2d 988, 991, 6 V.I. 155 (3d Cir. 1967) ("[T]he right of presentment by grand jury is merely a remedial right which is not among the fundamental rights which Congress in legislating for a territory not incorporated into the United States, such as the Virgin Islands, must secure to its inhabitants."). The Revised Organic Act provides that "all offenses against the laws of the Virgin Islands which are prosecuted . . . in the courts established by local law shall continue to be prosecuted by information, except such as may be required by local law to be prosecuted by indictment by grand jury." Revised Organic Act § 3, 48 U.S.C. § 1561. [The defendant] was prosecuted for violations of the laws of the Virgin Islands, in the Superior Court, which was established by local law. Therefore, he may be prosecuted by information unless a local law requires him to be prosecuted by grand jury. No local law exists which requires first degree murder, or any other charge against [the defendant], to be prosecuted by grand jury indictment. Therefore, the Superior Court did not err by allowing [the defendant] to be prosecuted by information, rather than grand jury indictment.

57 V.I. at 195-96. Likewise, in *Simmonds*, this Court rejected a related argument that section 3 of the Revised Organic Act is itself unconstitutional:

> Although [the defendant] acknowledges our *Codrington* decision, he argues that the pertinent provision of the Revised Organic Act is itself inconsistent with the United States Constitution because it is "repugnant" to the Fifth Amendment and establishes a "separate but equal theory of United States citizenship." (Appellant's Br. 13, 15) However, as [the defendant] recognizes in his appellate brief, the Supreme Court of the United States has long held that the grand jury clause does not apply to the states. (Appellant's Br. 15) (citing *Hurtado v. California*, 110 U.S. 516, 531, 4 S. Ct. 111, 28 L. Ed. 232 (1884)). While [he] correctly observes that "the Virgin Islands is not a state" and that "[t]he United States and the United States Virgin Islands *is* one sovereign," he ignores that a latter provision in section 3 of the Revised Organic Act provides that
>
>> The following provisions of and amendments to the Constitution of the United States are hereby extended to the Virgin Islands to the extent that they have not been previously extended to that territory *and shall have the same force and effect there as in the United States or in any State of the United States*: . . . the <u>first to ninth amendments</u> inclusive . . . .
>
> 48 U.S.C. § 1561 (emphasis added). This provision, combined with the earlier portion of section 3 that explicitly authorizes prosecution by information, evinces an intent by Congress for the Fifth Amendment to have the same effect in the Virgin Islands as it does in the states. *Ward v. People*, 58 V.I. 277, 284 (V.I. 2013) (observing that "Congress enacted the 1968 amendment to the Revised Organic Act to mandate that the Fifth Amendment 'have the same force and effect' in the Virgin Islands 'as in the United States or in any State of the United States' "). Thus, because the Grand Jury Clause does not apply to the states, it likewise does not apply to this Territory. Consequently, the Superior Court committed no error — let alone plain error — when it allowed the People to charge [the defendant] by information rather than grand jury indictment.

59 V.I. at 491 (emphasis added) (some internal citations omitted).

Nevertheless, on appeal, Destin maintains that our *Simmonds* decision is no longer operative because "the Court has since changed its view, and

471

now recognizes that the Virgin Islands is not a state." (Appellant's Am. Br. 12.) To support this claim, Destin relies on language in our decisions in *Woodrup v. People* 63 V.I. 696, 722 (V.I. 2015), and *Bryan v. Fawkes*, 61 V.I. 416, 438 (V.I. 2014), recognizing that the Supremacy Clause is inapplicable to the Virgin Islands because the Virgin Islands is not a state, but a single sovereign with the federal government.

■ Destin's argument is based on a fundamental misunderstanding of the relationship between the Virgin Islands and the United States. The Territorial Clause of the United States Constitution provides that "The Congress shall have Power to dispose of and make all needful Rules and Regulations respecting the Territory or other Property belonging to the United States." U.S. CONST. art. IV, § 3, cl. 2. The Supreme Court of the United States has interpreted this provision as granting Congress plenary power over the territories. *District of Columbia v. Carter*, 409 U.S. 418, 430, 93 S. Ct. 602, 34 L. Ed. 2d 613 (1973). Thus, consistent with its plenary power, Congress may enact legislation that treats a territory like a state for some purposes, but treats it differently for others. *See, e.g., Harris v. Rosario*, 446 U.S. 651, 651-52, 100 S. Ct. 1929, 64 L. Ed. 2d 587 (1980); *Califano v. Torres*, 435 U.S. 1, 4, 98 S. Ct. 906, 55 L. Ed. 2d 65 (1978).

■ ■ As this Court explained in *Codrington* and *Simmonds*, with respect to the initiation of criminal prosecutions, Congress, by enacting section 3 of the Revised Organic Act, has chosen to treat the Virgin Islands like a state by providing that the Fifth Amendment shall apply to the Virgin Islands as if it were a state.[4] *See Hurtado*, 110 U.S. at 534 (holding that the grand jury clause of the Fifth Amendment does not apply to the states). That the Virgin Islands is not a state for purposes of the Supremacy Clause is simply irrelevant, since a territory may be considered a state for some purposes but not for others. *See Igartua De La Rosa v. United States*, 229 F.3d 80, 87 & nn.9-10 (1st Cir. 2000) (Torruella, J., concurring) (collecting cases). Consequently, we decline to overturn our *Codrington* or *Simmonds* precedents as part of this appeal.

---

[4] In his reply brief, Destin argues — for the first time — that this Court should conclude that Congress intended for the Fifth Amendment to apply in the Virgin Islands the same as it does in federal courts, rather than in the states. Because raising an argument for the first time in a reply brief deprives the People of its opportunity to respond, we consider this argument waived and decline to address it. *Christopher v. People*, 57 V.I. 500, 513 n.7 (V.I. 2012) (citing *Benjamin v. AIG Ins. Co. of P.R.*, 56 V.I. 558, 567-68 (V.I. 2012)).

## C. Habitual Offender Enhancement

Destin also argues that the Superior Court failed to comply with Virgin Islands law when it sentenced him as a habitual offender under title 14, section 61 of the Virgin Islands Code. According to Destin, at his sentencing hearing, the Superior Court failed to comply with section 62 of title 14, which provides, in pertinent part, that:

> If the prosecutor files a [habitual offender] information under this section, the court shall, after conviction but before pronouncement of sentence, inquire of the person with respect to whom the information was filed whether he affirms or denies that he has been previously convicted as alleged in the information, and shall inform him that any challenge to a previous conviction which is not made before sentence is imposed may not thereafter be raised to attack the sentence.

14 V.I.C. § 62(b). Relying on *Gov't of the V.I. v. George*, 741 F.2d 643 (3d Cir. 1984), Destin maintains that his habitual offender sentence must be vacated because the Superior Court failed to personally advise him — as opposed to his attorney — about the consequences of the habitual offender information.

Because Destin not only failed to object to this procedure at the sentencing hearing, but through his counsel actively advised the Superior Court that he did not wish to challenge the People's habitual offender information, it is arguable that Destin waived, rather than forfeited, any challenge to this aspect of his sentence, thus precluding even plain error review. *See Murrell v. People*, 54 V.I. 338, 361 (V.I. 2010). But even if we were to assume, without deciding, that this statement by Destin's counsel does not rise to the level of waiver, we hold that the Superior Court committed no error — let alone a plain error — in failing to adhere to the non-statutory colloquy requirements identified in *George* because that decision is wholly inapplicable to this case. Although Destin maintains that the United States Court of Appeals for the Third Circuit had interpreted sections 61 and 62 when it imposed the personal notice requirement, the Third Circuit expressly held it was imposing that rule not as a matter of statutory interpretation, but pursuant to its supervisory power over the United States District Court of the Virgin Islands:

> We consider it similarly appropriate to require, *under our supervisory power over the District Court of the Virgin Islands*, that before a de-

fendant who is charged under the Habitual Criminals statute is asked to admit to previous convictions, the court must personally address the defendant and determine that he understands the consequences of such an admission and must also determine, before accepting such an admission, that such admission is voluntary.

*George*, 741 F.2d at 649 (emphasis added). However, the Third Circuit subsequently recognized that even the Supreme Court of the United States cannot exercise supervisory power over the District Court of the Virgin Islands with respect to purely territorial matters. *Parrott v. Gov't of the V.I.*, 230 F.3d 615, 623, 43 V.I. 277 (3d Cir. 2000) (citing *Barnard v. Thorstenn*, 489 U.S. 546, 551-52, 109 S. Ct. 1294, 103 L. Ed. 2d 559 (1989)). And whatever the relationship between the Third Circuit and the District Court, it is clear that any supervisory authority the Third Circuit could exercise over the Virgin Islands Judiciary was divested upon the creation of this Court. *See Addie v. Kjaer*, 737 F.3d 854, 866, 60 V.I. 881 (3d Cir. 2013) (referring to the Third Circuit's "former supervisory capacity" prior to the creation of the Virgin Islands Supreme Court).

 Here, the colloquy between the Superior Court and Destin's counsel reflects that the Superior Court complied with the inquiry component of its required colloquy under section 62:

> THE COURT: The People have filed a Habitual Criminal Information and attached a certified copy of a prior conviction, the Judgment and Commitment, in ST-09-CR-508 against this Defendant where he was convicted pursuant to a plea of Third Degree Assault and sentenced to a year incarceration and various — well, six months of which was suspended, and various other terms.
>
> The Defendant has seen that document?
>
> ATTORNEY KAHUGU: Yes, Your Honor.
>
> THE COURT: I've not seen any response to it, so I take it there is no challenge to that?
>
> ATTORNEY KAHUGU: No challenge, Your Honor.

(J.A. 497-98.) Although Destin's counsel answered the Superior Court rather than Destin personally, it is well-established that an attorney acts as an agent of a client and may waive a right — even one of constitutional magnitude, let alone a mere statutory right to an inquiry such as the one at

474

issue in this case — on behalf of his client. *See United States v. Bobo*, 586 F.2d 355, 364 n.6, 366 (5th Cir. 1978) (holding that a defendant and his attorney are "a single entity"); *State v. Fitzpatrick*, 676 S.W.2d 831, 836 (Mo. 1984) (attorney's waiver of right in defendant's presence is binding on the defendant unless the defendant contemporaneously protests or personally disagrees); *see also Jones v. Barnes*, 463 U.S. 745, 751-54, 103 S. Ct. 3308, 77 L. Ed. 2d 987 (1983) (attorney may waive issues on appeal); *Nero v. District of Columbia*, 936 A.2d 310, 316 (D.C. 2007) (attorney may waive defendant's double jeopardy rights). This colloquy, however, did not fulfill the remaining advisory component of the Superior Court's required colloquy under section 62(b), which required it to inform Destin that he would be barred from asserting a challenge to his conviction if he failed to raise it before his sentence was imposed. Notwithstanding that error, it cannot be said that Destin's substantial rights were affected where he ignored the provision in section 62 that states: "[i]f the person denies any allegation of the information of previous conviction . . . he shall file a written response to the information," 14 V.I.C. § 62(c)(1), and where he failed to present a specific challenge to his prior conviction on appeal. *Cf. United States v. Garcia*, 954 F.2d 273, 278 (5th Cir. 1992) ("[The defendant's] failure to comply with . . . § 851(c), when coupled with the absence of any suggestion by [the defendant] . . . that the judge's omission precluded him from presenting a specific challenge to . . . the prior conviction[ ], renders harmless the judge's failure to comply with the warning component of § 851(b)."); *United States v. Reed*, 575 F.3d 900, 929 (9th Cir. 2009) ("We note that [the] record does not disclose that the district court advised [the defendant] that he must bring any challenges to the prior convictions in writing before sentence is imposed. This omission, while error, is harmless, because [the defendant] does not challenge the legality of the prior convictions."). Thus, even though the Superior Court erred in failing to advise Destin under section 62(b), that error is of no consequence, since Destin failed to challenge his prior conviction.

## III. CONCLUSION

For the reasons explained in our *Codrington* and *Simmonds* precedents, we reiterate that a criminal prosecution in the Superior Court may be initiated by information rather than grand jury indictment. Moreover, the Superior Court committed no plain error when it sentenced Destin as a habitual offender after he failed to file a written response to the habitual

offender information and his counsel stated on the record that he did not challenge the allegation of prior conviction made therein. Accordingly, we affirm the Superior Court's May 14, 2015 judgment and commitment.