**Nigel Paul BIGBY, Appellant,**

v.

**GOVERNMENT OF THE VIRGIN ISLANDS, Appellee.**

Nos. 1998–071, F77/1997.

District Court, Virgin Islands,
Appellate Division,
D. St. Thomas.

Dec. 20, 2000.

---

**710**

Brenda C. Scales, St. Thomas, U.S.V.I., for appellant.

Maureen Phelan Cormier, Assistant U.S. Attorney, St. Thomas, U.S.V.I., for appellee.

BEFORE: RAYMOND L. FINCH, Chief Judge, District Court of the Virgin Islands; THOMAS K. MOORE, District Judge, District Court of the Virgin Islands; and ALPHONSO G. ANDREWS, JR., Territorial Court Judge of the Virgin Islands, Division of St. Croix, Sitting by Designation.

## OPINION OF THE COURT

PER CURIAM.

### Version 1

Appellant Paul Nigel Bigby ["Bigby"] appeals his conviction on one count of conspiracy to distribute marijuana in violation of V.I.Code Ann. tit. 19, § 609. We vacate his conviction and remand.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On the morning of February 21, 1997, officers from the Narcotics Strike Force ["NSF"] and other agencies, acting on a tip from a confidential informant, placed the entire Havensight area under surveillance. (See J.A. III at 176–77.) The confidential informant had earlier informed law enforcement officials that individuals carrying marijuana would disembark from a cruise ship that morning and engage in a narcotics transaction. (See id. at 177, 205.) Under the watchful eye of NSF officers, Winston Graham ["Graham"], an employee on board the cruise ship *Windward,* got off the ship and nervously headed through Havensight to Buccaneer Mall carrying six pounds of marijuana, some of it strapped to his body, the remainder in a small backpack. (See id. at 178, 195–96.) Graham, along with several others, entered an automobile driven by Bigby. Soon after they

drove off, officers stopped them, searched the automobile, and discovered the marijuana. (*See id.* at 185.) Police arrested Bigby, Graham, and the other occupants of the automobile.

The two-day trial on an information charging Bigby with conspiracy to distribute marijuana in violation of 19 V.I.C. § 609 began on September 23, 1997. NSF Agent Jaime Perez ["Perez"] testified that, on the morning of February 21, 1997, he observed a nervous individual with a big bulge in front of him, later identified as Graham, crossing the street to Buccaneer Mall, across from the cruise-ship dock on St. Thomas. The agent watched Graham make contact with several other individuals, get into an automobile parked nearby, and drive off. Officers, including Agent Perez, followed the vehicle, stopped it, searched it, and found the bag containing marijuana that Perez saw Graham carrying earlier, as well as marijuana strapped to Graham's body. Bigby drove the car. (*See id.* at 178–79, 183–85, 190, 195.)

Co-conspirator Winston Graham, the man accused of carrying the marijuana from the ship, testified at trial that he had met Bigby during one of Graham's previous stops in St. Thomas. (*See id.* at 233.) Bigby had arranged for Graham to pick up the marijuana in St. Lucia for delivery to him in St. Thomas. (*See id.* at 237.) Ac-cordingly, when the *Windward* stopped in St. Lucia on February 17th, Graham picked up several pounds of marijuana and telephoned Bigby to say that he would deliver the marijuana between 10:30 and 11:00 a.m. the following Friday, February 21st. (*See id.* at 238.) Graham admitted that he entered the car driven by Bigby on the morning of February 21st to deliver the marijuana to Bigby and collect payment in return. (*See id.* at 241.)

Bigby was convicted and sentenced, and this timely appeal followed.

## II. DISCUSSION

This Court has jurisdiction pursuant to 4 V.I.C. § 33.[1]

We will vacate Bigby's conviction and remand for a new trial because the charging document, in this case, an information, did not charge an essential element of the crime of conspiracy under Virgin Islands law, namely, an overt act. We do not reach the other issues raised by the appellant.[2]

### A. The Information Failed to Charge a Crime.

The government argues that an overt act is not an element of 19 V.I.C. § 609, and that the information sufficiently put Bigby on notice of the charge against him

---

1. *See* V.I.CODE ANN. tit. 4, § 33 (1997 & Supp. 2000); Section 23A of the Revised Organic Act of 1954. The complete Revised Organic Act of 1954 is found at 48 U.S.C. §§ 1541–1645 (1994), *reprinted in* V.I.CODE ANN., Historical Documents, Organic Acts, and U.S. Constitution at 73–177 (1995 & Supp.2000) (preceding V.I.CODE ANN. tit. 1) ["Revised Organic Act"].

2. Regarding Bigby's claim on appeal that the evidence was insufficient, we merely note that the testimony of a co-defendant is sufficient to sustain a guilty verdict, especially where, as in this case, it was substantiated by physical evidence found in Bigby's car. *See DuBois v. Government of the Virgin Islands,* 25 V.I. 316, 319 (D.V.I.App.Div.1990).

We do not reach Bigby's assertion that out-of-court statements by an informant or the prosecutor's argument amounted to prejudicial hearsay, except to observe that Agent Perez' testimony on direct merely explained why they were observing the scene, as allowed by *United States v. Sallins,* 993 F.2d 344, 348 (3d Cir.1993) (distinguishing such non-hearsay explanations from hearsay statements from an informant that identifies defendant or goes to essential element of case), and that Bigby failed to object to testimony elicited by co-defendant that the confidential informant said that "Jamaican individuals, off of cruise liners proceeded to the area of Buccaneer Mall where they are met by an individual and they depart and the transaction is completed," and that this practice is "routine." (*See* J.A. III at 205–06.)

Finally, any claim of non-disclosure regarding co-conspirator Graham's guilty plea should not arise on retrial.

by charging that he "did conspire to distribute a controlled substance, to wit, marijuana."[3] Bigby contends that the information was fatally defective and deprived him of his Sixth Amendment right "to be informed of the nature and cause of the accusation"[4] because it did not include the essential element of an overt act required for any Virgin Islands criminal conspiracy. We are thus called upon to determine whether a drug conspiracy under 19 V.I.C. § 609 is made up of the same two essential elements as a general criminal conspiracy under 14 V.I.C. §§ 551 and 552, that is, an agreement plus an overt act. The Territorial Court agreed with the government that an overt act is not an essential element of a section 609 conspiracy, although the trial judge did require the government to prove an overt act to the jury.

■ The sufficiency of an information presents a question of law over which our review is plenary. Similarly, the Court exercises plenary review over the trial court's construction of a statute. *See Parrott v. Government of the Virgin Islands*, 56 F.Supp.2d 593, 594 (D.V.I.App.Div. 1999). "The starting point in every case involving construction of a statute is the language itself." *See Blue Chip Stamps v. Manor Drug Stores*, 421 U.S. 723, 756, 95 S.Ct. 1917, 44 L.Ed.2d 539 (1975).

■ Title 14, section 551 of the Virgin Islands Code establishes the basic crime of conspiracy in the Virgin Islands:

If two or more persons conspire to—
(1) commit any crime;

each shall be fined not more than $1,000 or imprisoned not more than 5 years, or both.

Section 551 does not, however, set forth the essential elements of the offense of "conspiracy" or otherwise define "conspire." This is left to section 552, which prescribes the elements of a criminal conspiracy in the Virgin Islands:

*No agreement*, except to commit a felony upon the person of another, or to commit arson, or burglary, *amounts to conspiracy, less some act, besides such agreement, be done to effect the object thereof*, by one or more of the parties to such agreement.

(Emphasis added.)[5] In the Virgin Islands, the *very definition* of conspiracy requires an overt act. An overt act is an element of conspiracy in the Virgin Islands; without it, there is no crime of conspiracy.

Title 19 of the Virgin Islands Code on Health contains a section which makes it a crime to conspire to commit a drug offense and provides for a range of punishment rather than the $1,000 and five years for Title 14's basic criminal conspiracy.

Any person who attempts or conspires to commit any offense defined in this chapter is punishable by imprisonment or fine or both which may not exceed the maximum punishment prescribed for the

---

3. The Second Amended Information charged:
   COUNT ONE
   On or about February 21, 1997, in St, Thomas, U.S. Virgin Islands, Winston Graham, Mark George Lewis, and Nigel Paul Bigby, did conspire to distribute a controlled substance, to wit, marijuana, in that Winston Graham agreed to sell marijuana to Mark George Lewis and Nigel Paul Bigby in violation of 19 V.I.C. § 609.
   (J.A. I at 9.)

4. The Sixth Amendment of the Constitution is made applicable to the Virgin Islands by § 3 of the Revised Organic Act, 48 U.S.C. § 1561.

5. Since 1921, an overt act has been an essential element of the offense of conspiracy in the Virgin Islands, with only a handful of exceptions. *See* 1921 Codes of St. Croix, Title IV, ch. 3, § 2. This is in contrast to the common law definition, which does not require an overt act to complete the crime. At common law, conspiracy was defined as simply the agreement itself. *See Nash v. United States*, 229 U.S. 373, 378, 33 S.Ct. 780, 57 L.Ed. 1232 (1913).

offense, the commission of which was the object of the attempt or conspiracy.

19 V.I.C. § 609.[6]

■ Without some good reason, such as a separate definition of conspiracy in Title 19 or at least legislative history to the contrary, it would seem that the words "conspires" and "conspiracy" in section 609 must import the elements of an agreement and an overt act as defined for any criminal conspiracy in 14 V.I.C. § 552. There are no separate definitions of conspires or conspiracy in Title 19, nor can we find any legislative history hinting that the words have different meanings for drug offenses than for general crimes. We therefore hold that an information charging a drug conspiracy under 14 V.I.C. § 609 must allege both essential elements of the conspiracy—an agreement and some act, besides the agreement, done by one or more of the parties to effect the object of the agreement. As the only definition of conspiracy in the Virgin Islands Code, section 552 applies to drug conspiracies under 19 V.I.C. § 609. An overt act, therefore, is an essential element of a section 609 conspiracy.

The Territorial Court noted that, since Bigby had been charged with a violation of a later-enacted specific conspiracy statute under Title 19, the overt act element of a Title 14 conspiracy was not required in an information charging a Title 19 conspiracy. The judge reasoned that

> the subsequent enactment of a specific controlled substance law must supersede the prior enactment of a general criminal law. If the Legislature intended to require that an "overt act" be placed in the information, it would have so provided when it enacted Title 19 V.I.C. § 609.

(J.A. I at 107.) If 14 V.I.C. § 552 did not already specify three instances where only the agreement and no overt act is required, namely, conspiracies to commit a felony upon the person of another or to commit arson or burglary, we might have found the trial judge's reasoning more persuasive. With the Legislature already having excepted conspiracy to commit three specific crimes from the requirement of an overt act, however, its failure to add conspiracy to commit drug crimes to the list of exceptions impels the opposite conclusion. We take the omission of drug crimes from the list of exceptions in 14 V.I.C. § 552 as legislative intent that section 609 requires the two essential elements of agreement and overt act. Since the solons did not separately define the elements of a drug conspiracy in Title 19, the general definition of conspiracy in Title 14 must apply. The crime of conspiracy under 19 V.I.C. § 609, by definition, then, includes the essential separate elements of agreement and overt act.[7]

## B. The Federal Conspiracy Statute is Distinguishable from the Virgin Islands Statute.

The government argues that the similarities in language between 19 V.I.C. § 606 and the federal drug conspiracy statute, 21 U.S.C. § 846, should compel us to follow the Supreme Court's construction of the word "conspiracy" in section 846 as not requiring an overt act. We reject this comparison because Congress has adopted the common law conspiracy, which does not require an overt act. *See Iannelli v. United States,* 420 U.S. 770, 777, 95 S.Ct. 1284, 43 L.Ed.2d 616 (1975) ("Conspiracy is an inchoate offense, the essence of which is an agreement to commit an unlawful act. . . ."). When Congress has intended

---

**6.** Section 609 was enacted as part of the Virgin Islands Controlled Substance Law, which the Legislature enacted on March 23, 1971. Act of March 23, 1971, No. 2961, Sess.L.1971, p. 28 (codified as amended at 19 V.I.C. §§ 591–631 (1995 & Supp.2000)).

**7.** Since the elements of criminal conspiracy are clearly set forth by statute, there is no basis for us to revert to common law conspiracy, and we reject the government's suggestion that we do so. *See* 1 V.I.C. § 4 (rules of common law may be applied only in the absence of governing local law).

to create a federal conspiracy without requiring an overt act, it has simply used the word "conspiracy," as it did when it enacted 21 U.S.C. § 846 in 1970 as part of a comprehensive scheme to regulate drugs. Section 846 provides:

Any person who attempts or conspires to commit any offense defined in this title is punishable by imprisonment prescribed for the offense, the commission of which was the object of the attempt or conspiracy.

21 U.S.C. § 846. Since the Virgin Islands has not adopted the common law meaning of conspiracy as an agreement without an overt act, we derive no assistance from the Supreme Court's reiteration that a section 846 conspiracy requires only the allegation and proof of "an agreement to commit an unlawful act." *See United States v. Shabani,* 513 U.S. 10, 16, 115 S.Ct. 382, 130 L.Ed.2d 225 (1994) (quoting *Iannelli,* 420 U.S. at 777, 95 S.Ct. 1284). When Congress has intended to require an overt act in addition to a conspiracy, it has explicitly included this element, as it did in the general federal conspiracy statute, 18 U.S.C. § 371, which long pre-existed 21 U.S.C. § 846.

The offense of "Conspiracy to commit offense or to defraud the United States" defined by section 371 requires a common law conspiracy *plus* an overt act to effect the object of the conspiracy.

*If two or more persons conspire* either to commit any offense against the United States, or to defraud the United States, or any agency thereof in any manner or for any purpose, *and one or more of such persons do any act to effect the object of the conspiracy,* each shall be fined under this title or imprisoned not more than five years, or both.

18 U.S.C. § 371 (emphasis added). Observe that Congress used "conspiracy" plus an overt act to define the offense stated in 18 U.S.C. § 371, whereas the Virgin Islands Legislature used the word "agreement" plus an overt act in 14 V.I.C. § 552 to define the Virgin Islands offense

of conspiracy set forth in 14 V.I.C. § 551. The determining difference in the essential elements between a federal versus a Virgin Islands conspiracy virtually leaps from the page when the federal and local statutes are laid side-by-side. Sections 551 and 552 of Title 14:

If two or more persons conspire to—
(1) commit any crime;

.    .    .    .    .

each shall be fined not more than $1,000 or imprisoned not more than 5 years, or both.

and

*No agreement,* except to commit a felony upon the person of another, or to commit arson, or burglary, *amounts to conspiracy,* less some act, besides such agreement, be done to effect the object thereof, by one or more of the parties to such agreement.

To summarize, Congress used "conspiracy" plus an overt act to create the federal offense of section 371, adopting the common law meaning of conspiracy without separately defining it. The Virgin Islands, on the other hand, first made it an offense to conspire to commit a crime, and then specifically defined "conspire" and "conspiracy" as made up of the elements of an agreement plus "some act, besides such agreement, ... to effect the object of [the agreement]," excluding, of course, the three enumerated exceptions to the overt act requirement. The Virgin Islands Legislature specifically rejected the common law definition of conspiracy and required the elements of both an agreement and an overt act.

Carrying the comparative analysis further, Congress' use of the word "conspiracy" always imports the common law meaning, which does not require an overt act. *See, e.g., Nash v. United States,* 229 U.S. at 378, 33 S.Ct. 780 (adopting common law meaning of conspiracy as "not mak[ing] the doing of any act other than the act of conspiring a condition of liability."). If Congress wants to create a conspiracy

with an overt act, it explicitly requires one, using language patterned after 18 U.S.C. § 371;[8] if Congress intends a conspiracy without an overt act, it dispenses with that element in language patterned after 15 U.S.C. § 1 (Sherman Act) or 21 U.S.C. § 846.[9] In federal criminal law, the statutory term "conspiracy" always means an agreement to commit an unlawful act without any overt act in furtherance of the agreement. In Virgin Islands criminal law, on the other hand, the statutory term "conspiracy" has always required an overt act in addition to the agreement to commit a crime. Hence, the federal law of criminal conspiracy provides no interpretive assistance for our task here.

## C. The Information Was Defective for Failure to Allege an Essential Element.

■ We similarly reject the trial court's view that section 552 "only requires proof of an overt act before a conviction can be had under the general conspiracy law of Title 14, enacted from the 1921 codes." (J.A. I at 107.) Section 552 requires an overt act in addition to an agreement for there to be a criminal conspiracy, excepting, of course, the three crimes already noted. Without an overt act, there is no crime of conspiracy. Since an overt act is an element of conspiracy in the Virgin Islands, it is not enough for the trial court to require the government to prove an overt act, as the judge did here. (*See id.* at 108.) An information charging a conspiracy to commit a drug offense under 19 V.I.C. § 609 must allege that the defendant both entered into an agreement to commit the drug crime and that one or more of the parties to the agreement committed an act, besides the agreement, to effect that drug crime.

We digress here to note that all felonies prosecuted in the Territorial Court are brought by information and not by grand jury indictment, since the Fifth Amendment right to "presentment or indictment of a Grand Jury" does not apply in the unincorporated Territory of the Virgin Islands.[10] Specifically, "all offenses against the laws of the Virgin Islands which are prosecuted ... in the courts established by local law shall continue to be prosecuted by information, except such as may be required by local law to be prosecuted by indictment by grand jury." Revised Organic Act § 3, 48 U.S.C. § 1561.[11] The Legislature has enacted no such local law requiring prosecution in the Territorial Court by grand jury. The Territorial Court is bound by the Federal Rules of Criminal Procedure,[12] which in turn incor-

**8.** The following federal conspiracies require an overt act to complete the offense: 18 U.S.C. §§ 956 (harm to persons or property in foreign country), 794 (giving information to aid foreign government), 1201 (kidnapping), 2155 (interference with national defense).

**9.** The following federal conspiracies do not require an overt act to complete the offense: 18 U.S.C. §§ 224 (bribery in sporting contests), 241 (interference with rights), 286 (fraudulent claims), 372 (impeding government officer), 2271 (destruction of vessels on high seas), 2384 (sedition).

**10.** *See* Revised Organic Act § 3, 48 U.S.C. § 1561 (adopting most, but not all, provisions of United States Bill of Rights); *see also Government of the Virgin Islands v. Rijos*, 6 V.I. 475, 285 F.Supp. 126 (D.Vi.1968) (right of presentment by grand jury is merely remedial right not among fundamental rights which

Congress must secure to inhabitants of unincorporated territory of United States).

**11.** The same section authorizes the prosecution by grand jury indictment of "all offenses against the laws of the United States and [as appropriate] the laws of the Virgin Islands" in the District Court of the Virgin Islands. *See* Revised Organic Act § 3, 48 U.S.C. § 1561; *see also* FED.R.CRIM.P. 54(a) ("These rules apply to all criminal proceedings ... in the District Court of the Virgin Islands ... except that the prosecution of offenses in the District Court of the Virgin Islands shall be made by indictment or information as otherwise provided by law.").

**12.** *See* TERR.CT.R. 7 ("The practices and procedure in the Territorial Court shall be governed by the Rules of the Territorial Court and, to the extent not inconsistent therewith, by ... the Federal Rules of Criminal Procedure....")

porate the rule that the filing of an information is the full equivalent of the presentment of an indictment by a grand jury. *See* TERR.CT.R. 123(f) ("The provisions of Rule 7 of the Federal Rules of Criminal Procedure regarding the Information are incorporated herein.").

. Pursuant to Rule 7(c)(1) of the Federal Rules of Criminal Procedure, an information must contain each element of the offense and give the defendant fair notice of the charges against him.[13] For the information to be sufficient, it must at the very least charge all the elements and formally apprise the defendant of what he must be prepared to meet. *See Russell v. United States,* 369 U.S. 749, 763–64, 82 S.Ct. 1038, 8 L.Ed.2d 240 (1962) (requiring record to be sufficient to allow defendant to plead former acquittal or conviction if later prosecuted for similar offense). Thus, an information charging a drug conspiracy under 19 V.I.C. § 609 must allege all its essential elements, to wit: an agreement and an overt act. Since the information in this case did not allege both of these es-

sential elements, it was fatally insufficient because it did not formally apprise Bigby of what he was required to defend against. The information may not merely regurgitate the language of section 609, as this one did,[14] but must allege the agreement and the overt act or acts which constitute defendant's violation of the statute. *Compare Government of the Virgin Islands v. Pemberton,* 813 F.2d 626, 631 (3d Cir.1987) (information may set forth offense in words of statute itself only if those words fully and unambiguously set forth all elements of offense) (citing *Russell* ).[15] Faced with the similar omission of an overt act from indictments charging violations of the federal conspiracy statute, 18 U.S.C. § 371, federal courts of appeals have held that the indictment must *allege* and the government must prove an overt act. *See, e.g., United States v. Stoner,* 98 F.3d 527 (10th Cir.1996); *United States v. Butler,* 792 F.2d 1528 (11th Cir.1986); *United States v. Davis,* 533 F.2d 921 (5th Cir. 1976).[16]

**13.** Federal Rule of Criminal Procedure 7(c)(1), governing the nature and contents of indictments and informations, provides:

> The indictment of the information shall be a plain, concise and definite written statement of the essential facts constituting the offense charged ... The indictment of information shall state for each count the official or customary citation of the state, rule, regulation or other provision of law which the defendant is alleged therein to have violated.

**14.** *See supra* note 3.

**15.** Our conclusion that it is not sufficient for the prosecution to use the words of section 609 and allege that a defendant "did conspire ..." is bolstered by the Supreme Court's recent re-emphasis of the jury's role as factfinder. *See United States v. Gaudin,* 515 U.S. 506, 510, 115 S.Ct. 2310, 132 L.Ed.2d 444, (1995) ("[T]he right to a speedy and public trial, by an impartial jury ... require[s] criminal convictions to rest upon a jury determination that the defendant is guilty of every element of the crime with which he is charged, beyond a reasonable doubt.") (internal quotes omitted); *see generally Apprendi v. New Jersey,* 530 U.S. 466, ——, 120 S.Ct. 2348, 2363, 147 L.Ed.2d 435 (2000) ("[I]t is unconstitutional

for a legislature to remove from the jury the assessment of facts that increase the prescribed range of penalties to which a criminal defendant is exposed."); *Jones v. United States,* 526 U.S. 227, 243, n. 6, 119 S.Ct. 1215, 143 L.Ed.2d 311 (1999) (noting that "any fact (other than prior conviction) that increases the maximum penalty for a crime must be charged in an indictment, submitted to a jury, and proven beyond a reasonable doubt").

**16.** The facts of this case are unlike those in *Government of the Virgin Islands v. Moolenaar,* 133 F.3d 246 (3d Cir.1998) (rejecting a "narrow and constricted interpretation" of the rule where a defendant has sufficient notice of what he is charged with and what he must defend). Breaking into a structure with the intent to commit an offense therein is an element of burglary. *See* 14 V.I.C. § 442–44. "Theft" is not an offense under Virgin Islands law. In *Moolenaar,* the Court of Appeals nevertheless held that an information charging the breaking and entering of a dwelling house with intent to commit "theft" therein was sufficient to put defendant on notice of charge of burglary. In contrast, the information charging Bigby with conspiracy does not just misstate one of the elements, it entirely omits

■ It is of no moment whether Bigby had actual notice of pertinent but unalleged overt acts, as the government suggests. Even a bill of particulars cannot supply a missing element to save a legally insufficient information. *See Russell* at 770, 82 S.Ct. 1038 ("[I]t is a settled rule that a bill of particulars cannot save an invalid indictment."). If a bill of particulars would not have saved this information, mere knowledge or notice of what the government intended to prove also did not save it. We will therefore vacate the conviction and remand for a new trial based on the failure of the information to charge all the essential elements of the crime of conspiracy.

## III. CONCLUSION

The information failed to charge an essential element of conspiracy in the Virgin Islands, to wit, an overt act, which is part of the definition of "conspiracy" at 14 V.I.C. § 552 and is applicable to a drug conspiracy under 19 V.I.C. § 609. The information being insufficient, we vacate Bigby's conviction and remand this matter to the Territorial Court for proceedings consistent with this opinion.

## ORDER

AND NOW, this 20th day of December, 2000, having carefully considered the parties' submissions, and for the reasons set forth in the accompanying Opinion of even date, it is hereby

ORDERED that the Bigby's conviction is VACATED; and it is further

ORDERED and this matter is RE-MANDED for proceedings consistent with this Opinion.

an essential element. Moreover, the renewed emphasis on the accused's right to notice and the jury as fact finder evidenced by *Apprendi* and *Jones* may cast some doubt on the continuing viability of the loose interpretation espoused by *Moolenaar*.