WRIGHT *v.* STATE.

(In Banc.   June 8, 1942.)

[8 So. (2d) 455.   No. 34996.]

G. S. Watson, of Port Gibson, for appellant.

Greek L. Rice, Attorney General, by Geo. H. Ethridge, Assistant Attorney General, for appellee.

McGehee, J., delivered the opinion of the court.

The appellant Lawrence Wright was jointly indicted with Percy Flemings for the murder of Winfield Bates,

a negro taxi driver who was found dead in his taxicab at the side of the road at night, after having been beaten to death by Flemings with a piece of iron, which the appellant Wright had procured at a box factory late that afternoon for use in this contemplated assault upon their intended victim, for the purpose of robbery. The defendants were tried separately and sentenced to suffer the penalty of death. Neither the sufficiency nor the competency of the evidence, including the full, free and voluntary confessions of the accused, to sustain the conviction is challenged. It is urged however on behalf of the appellant Lawrence Wright that he is a young negro about 20 years of age, who had not previously been charged with crime, and was induced by the older negro, Flemings, an ex-convict, who had served two terms in the penitentiary, to go into the plot to assault and rob the said Bates and divide his money, as was done; that the appellant Wright did not intend that death should result from the assault that Flemings was to make with the piece of iron that he gave him to use; and that therefore the verdict, carrying the death penalty, is so ''needlessly harsh'' as to evince prejudice on the part of the jury.

But whether the appellant intended that the blows to be inflicted upon their victim by his co-conspirator in crime should be of sufficient force to produce death, was for the consideration of the jury, since he selected the character of instrument to be used, kept it concealed for four or five hours for that purpose, passed it from where he was seated on the front seat of the car by the driver to the assailant on the back seat at the opportune time, and then submitted without protest to the deadly manner in which it was so brutally wielded. Moreover, it was but a natural and probable consequence that death would result from striking a person on the head with this piece of iron with enough force to render the victim helpless to defend himself against robbery. Also in determining whether there was merely an intent to assault and rob,

and not to kill, the jury was entitled to consider the fact that the taxi driver was acquainted with these assailants and that they did not intend that he should live to tell the story of their crime.

Aside from the complaint as to the severity of the sentence appealed from, it is not contended that the accused did not have a fair and impartial trial. As an appellate court we are to concern ourselves only with the latter question; it was the province of the jury to determine the extent of the punishment, and it has done so under proper instructions from the trial judge. The right of clemency is not ours to exercise, and there being no reversible error committed by the trial court the judgment and sentence of death must be affirmed; and Friday, July 31, 1942, is fixed as the date for its execution.

Affirmed.