LESTER *v.* STATE.

In Banc. May 8, 1950.

No. 37496 (46 So. (2d) 109)

172

Marshall W. Perry and Creekmore & Creekmore, for appellant.

George H. Ethridge, Assistant Attorney General, for appellee.

Roberds, J.

Lester was convicted of manslaughter and sentenced to twenty years in the state penitentiary under our culpable negligence statute. Section 2232, Mississippi Code of 1942.

In his brief on this appeal he contends (1) he was not guilty under the evidence and applicable rules of law and should have been granted a peremptory instruction; and (2) certain instructions granted the State were erroneous. On the oral argument the further contention was made that the sentence was excessive and constitutes cruel and unusual punishment under the Federal and State Constitutions. Const. U. S. Amend. 8; Const. Miss. Sec. 28.

On the question of guilt, the evidence amply supports the finding of the jury under the rules announced by this Court in Smith v. State, 197 Miss. 802, 20 So. (2d) 701, 161 A. L. R. 1. Defendant offered no proof whatever. The evidence on behalf of the State shows that the accused was driving a truck along Highway No. 8 a few miles east of Grenada, Mississippi, that

this is a paved road, one of the main thoroughfares of the State with much travel thereover; that he was drunk; that just before the accident here he had run his truck off the highway into a ditch, from which he had been pulled back into the highway; that, as he proceeded, he was weaving from one side of the highway to the other, forcing traffic to the shoulders of the road to avoid collision with his truck; that at the time of this collision Mr. Kimbrell, driver of the car meeting appellant, and father of the two and a half year-old child who was killed, did everything he could to avoid the accident; and the child came to its death as a result of the culpable negligence of a drunken driver. Patrolmen testified that accused was the "drunkest" man they had ever seen driving a vehicle on the public road. No fair-minded, unbiased jury could have found otherwise than guilty.

As to the instructions of which complaint is made, we deem it unnecessary to set them out. It is sufficient to say they were carefully drawn in compliance with the Smith case, supra. If in some slight respects more apt wording might have been used, such technical error was cured by instructions granted the defendant.

As to the sentence, the statute prescribes the limits of punishment, and confers upon the trial judge large discretion in that respect. Section 2233, Mississippi Code of 1942. This is wise, because the trial judge knows the conditions in his district; he has the right to make proper inquiry as to circumstances to guide his actions, and to enable him to protect the public and mete out justice to guilty defendants. It is not necessary for us to decide whether in some extreme case, in prosecutions under the two mentioned Code Sections, we have the power and right to set aside a sentence if it appears cruel and unusual. See Atwood v. State, 146 Miss. 662, 111 So. 865, 51 A. L. R. 836; Wright v. State, 193 Miss. 119, 8 So. (2d) 455. If we have such power, we are not convinced this is a case demanding its exercise.

Affirmed.