RODGERS, Justice.
The appellant, Brooks Dobbins, was indicted by the Grand Jury of Copiah County, Mississippi for the alleged murder of Archie James Dixon. He was tried and convicted of manslaughter and was sentenced to serve a term of ten years in the state penitentiary. The appellant has appealed from this judgment and an order overruling a motion for a new trial.
He contends on appeal that the verdict of the jury was contrary to the overwhelming weight of evidence, and that one of the instructions granted to the jury for the State was erroneous.
The deceased, Archie James Dixon, lost his life in a residential district of Crystal Springs, Mississippi on Christmas Eve 1966. Most of the witnesses, including the appellant and the deceased, were related either by blood or marriage.
Sometime around four-thirty in the afternoon the deceased went to the home of Mrs. Willie Rhodes, who lived next door to Brooks Dobbins’ home. He made several threats against Brooks Dobbins and went through a gate onto the property of appellant, at a time when the appellant and a mechanic were engaged in working upon appellant’s truck. The testimony is conflicting as to what occurred. The testimony is clear, however, and appellant admits that he struck Archie James Dixon with either a pair of pliers or a screwdriver and that he died immediately therefrom. The record shows that the deceased died as a result of a punctured heart. Without detailing the testimony, including an alleged previous threat said to have been made by the appellant against the life of the deceased, we are of the opinion that the testimony is ample to sustain the verdict of the jury as to manslaughter and that the verdict is not contrary to the overwhelming weight of the evidence. See Miss.Code 1942 Ann. § 2224 (1956); Kinkead v. State, 190 So.2d 838 (Miss.1966).
The appellant contends that the following instruction is an erroneous statement of the law and should not have been granted:
“The Court instructs the Jury for the State that the law tolerates no excuse and accepts no justification for the taking of human life upon the plea of self-defense, unless it be reasonably necessary to save the slayer’s life, or to save him from some great bodily harm, at the time of the fatal blow; and in this case, if you believe from the evidence beyond a reasonable doubt, that the defendant, Brooks Dobbins, killed Archie James Dixon at a time when he was in no immediate danger, real or apparent, of losing his life or suffering some great bodily harm at the hands of Archie James Dixon, then the Defendant, Brooks Dobbins, is guilty of either murder or manslaughter; murder if he acted of his malice aforethought, and manslaughter if he acted without malice.”
Similar instructions have been criticized previously by this Court. The phrase “at the very time of the fatal blow” has been construed to be erroneous. We said, “The danger must be imminent and impending, but not necessarily at the very instant the fatal blow is struck.” Irby v. State, 186 Miss. 161, 169, 185 So. 812, 815 (1939); Johnson v. State, 46 So.2d 924 (Miss.1950); Vance v. State, 182 Miss. 840, 183 So. 280 (1938).
The appellant obtained several instructions giving the jury a comprehensive charge on the law in the case. One of these instructions pointed out that the defendant had a right to act upon appearances “even though it may not now appear that the defendant was not [ifc] at the time in im *98 minent danger of being killed by Archie Dixon or of receiving great bodily harm at his hands.” When these instructions are read together, they express a fair statement of the law. Johnson v. State, supra.
Appellant further contends, however, that the State’s instruction above quoted does not give a proper definition of manslaughter and does not exclude “acts under the authority of law,” which would prevent the killing from being either murder or manslaughter.
We are of the opinion that this assignment of error is not well taken for two reasons. (1) We have held that a jury may return a verdict of manslaughter in a murder case although there is no instruction given to the jury on this subject. Triplett v. State, 159 Miss. 365, 132 So. 448 (1931); King v. State, 251 Miss. 161, 168 So.2d 637 (1964).
Moreover, section 2523, Mississippi Code 1942 Annotated (1956) provides that the jury may find the defendant guilty of an inferior offense, the commission of which is necessarily included in the offense with which he is charged.
In Triplett v. State, supra, we said:
“It is argued that inasmuch as the court did not define manslaughter and inasmuch as the instruction on the form of the verdict limited the jury to the three forms of verdict provided for convictions of murder in case the jury found him guilty, that a conviction of manslaughter should not be allowed to stand. In discussing this question counsel recognize the decision of the court in Calicoat v. State, 131 Miss. 169, 95 So. 318, wherein this court held that a person convicted of manslaughter instead of murder could not complain if the evidence showed that the killing was unlawful and wrongful, although the evidence might show it constituted murder instead of manslaughter.” 159 Miss. at 369, 132 So. at 449.
(2) Since the holding m the Calicoat case, supra, this Court has consistently held that upon a murder trial where the evidence shows the killing was wrongful, a defendant cannot complain of the failure of the court to define manslaughter where the defendant made no request for such an instruction. Dalton v. State, 141 Miss. 841, 105 So. 784 (1925); Cosey v. State, 161 Miss. 747, 138 So. 344 (1931).
From a careful examination of the record in this case we have reached the conclusion that the jury returned a lawful verdict. We find no errors on which to predicate a reversal, although the sentence may be somewhat severe under the facts here shown. Lester v. State, 209 Miss. 171, 46 So.2d 109 (1950). We are therefore of the opinion that the conviction and judgment in the trial court must be, and it is, hereby affirmed.
Affirmed.
ETHRIDGE, C. J., and BRADY, PATTERSON and SMITH, JJ., concur.