RODGERS, Presiding Justice
(concurring) :
I concur in the excellent opinion in the foregoing cause, but I am convinced that a sentence of twenty (20) years to be served in the state penitentiary is an excessive sentence for highway involuntary manslaughter. We have no highway accidental manslaughter statute as such. Highway accident cases are prosecuted under the general culpable negligence statute, Mississippi Code Annotated Section 97-3-47 (1972). This statute does not fix the punishment for the crime of manslaughter. One must refer to Mississippi Code Annotated Section 97-3-25 (1972) for the punishment. This section is in the following language:
“Any person convicted of manslaughter shall be fined in a sum not less than five hundred dollars, or imprisoned in the county jail not more than one year, or both, or in the penitentiary not less than two years, nor more than twenty years.”
In this enlightened time and age, one may be paroled in this state in a murder case in ten years; yet, in an accident case, *927 one may be sentenced to serve twenty (20) years in the penitentiary.
Many years ago, I tried the case of Lester v. State, 209 Miss. 171, 46 So.2d 109 (1950). In that case the defendant was sentenced to serve twenty years in the penitentiary. On appeal to this Court, it held that such a sentence was not excessive and did not constitute cruel and unusual punishment. The Court refused to discuss whether or not it had the authority to set aside a sentence, but based its opinion upon the fact that the statute fixed the limitation of punishment and the trial judge acted’properly when he sentenced a convict to a term within the statute.
I am convinced that Section 28 of the Mississippi Constitution and the Eighth Amendment1 to the Constitution of the United States mean not only that the judge shall not impose cruel and unusual punishment, but that the Legislature is prohibited from so doing.
Moreover, I am convinced that this Court has the authority under both Constitutions to set aside a cruel sentence, although the Legislature permits such a sentence, and that it is our duty to so do.