PATTERSON, Chief Justice,
for the Court:
Gerald DeWayne McGrew was convicted of manslaughter through culpable negligence by the Circuit Court of Forrest County. William Franklin George was killed instantly when McGrew’s pickup truck collided with his automobile on a two lane Forrest County Highway known as Elks Lane Road. McGrew was sentenced under Section 97-3-25, Mississippi Code Annotated (1972), to serve a term of twenty (20) years in the custody of the Mississippi Department of Corrections.
At approximately 1:00 p.m., May 4, 1983, George and Sean Rains were returning to work after lunch. Rains, a passenger in the George automobile, testified that as they were rounding a curve in the road a black pickup truck approached them traveling at a high rate of speed. Suddenly, for no apparent reason, the pickup truck swerved into their lane of traffic and struck George’s car headon. Rains stated that he observed only one occupant in the pickup truck immediately prior to impact. After the collision Rains was unconscious for several minutes.
Bennie Littleton and Jimmy Knight, both testified they arrived at the accident scene minutes after the impact. Both stated they saw McGrew lying on the ground next to the pickup truck. Later that afternoon McGrew gave a statement to officers of the Forrest County Sheriff’s Department that he was driving the pickup truck when an oncoming motorcycle in the wrong lane of traffic forced him to swerve into George’s lane of traffic where the collision occurred. However, at trial McGrew denied he was driving the truck at the time of the accident.
A blood alcohol test performed at the request of the Forrest County Sheriff’s Department, and after McGrew had signed a consent form, revealed that McGrew’s blood alcohol level was .26 percent.
On appeal McGrew assigns several points for reversal; however, we think only one of such merits our attention. McGrew contends the trial court erred in overruling his motion for a directed verdict because his testimony that he was not driving the truck at the time of the collision was un-contradicted.
This Court has construed culpable negligence to mean negligence demonstrating a reckless disregard for the value of human life and that each case must be considered on its own facts. Gandy v. State, 373 So.2d 1042 (Miss.1979); Lester v. State, 209 Miss. 171, 46 So.2d 109 (1950); Cutshall v. State, 191 Miss. 764, 4 So.2d 289 (1941).
*97 In Goldman v. State, 406 So.2d 816, 819-820 (Miss.1981), a case involving automobile culpable negligence, we stated the considerations involved in determining whether a motion for a directed verdict should be sustained:
Under the established principle of criminal law, in considering motions for directed verdicts, requests for peremptory instructions of not guilty and contentions that the jury verdict is against the overwhelming weight of the evidence, we must consider as true all testimony offered by the prosecution, together with reasonable inferences, and if that evidence will support a verdict of guilty, the question is for the jury to determine. Warn v. State, 849 So.2d 1055 (Miss.1977).
In our opinion State’s witnesses Littleton and Knight presented testimony sufficient for the jury to determine that McGrew was the driver of the pickup truck at the time the collision occurred. Furthermore, the jury had before it the statement of McGrew that he was the driver of the truck at the time of the accident. This within itself created a contradiction for the jury to consider. Rains testified that he saw only one occupant of the pickup truck as it approached the car in which he was a passenger. He also testified the pickup truck was traveling at a high rate of speed and suddenly swerved into George’s lane of travel. Thus in applying the principle announced in Goldman, we are of the opinion there was a factual dispute for the jury’s resolution and that they committed no error in resolving the facts contrary to the defendant’s point of view.
Moreover, there was also evidence that at the time of the collision McGrew’s blood alcohol level was at least .26 percent, well over twice the amount considered essential to constitute intoxication. Although intoxication within itself is not the ultimate question in a culpable negligence suit, it may be considered as an element constituting gross and careless disregard for the value of human life.
Based on this evidence before the jury it could reasonably find that McGrew was the driver of the pickup truck at the time of the accident, and that his conduct at the time of the collision evinced a willful and wanton disregard for the safety of others and of human life.
AFFIRMED.
WALKER and ROY NOBLE LEE, P.JJ., and HAWKINS, DAN M. LEE, PRATHER, ROBERTSON, SULLIVAN and ANDERSON, JJ., concur.